IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

KEENO D. COLLINS (01),

                Defendant.

Case No. 25-20065-DDC

**MEMORANDUM AND ORDER**

On August 27, 2025, a grand jury charged defendant Keeno D. Collins with one count of felon in possession of a firearm, violating 18 U.S.C. § 922(g)(1).  Doc. 1 at 1.  Defendant now seeks a subpoena duces tecum under Federal Rule of Criminal Procedure 17(c).  Doc. 23.  According to defendant's motion, law enforcement recovered a Glock 19 pistol near the intersection of East 850 Road and North 1800 Road, in Douglas County, Kansas on May 21, 2025.  *Id.* at 2.  Three days earlier, near that same intersection, law enforcement had recovered defendant's vehicle and apprehended defendant.  *Id.*  The government thus alleges defendant possessed the recovered firearm on May 18, 2025, as charged in the Indictment.  *Id.* at 3; Doc. 1 at 1.

But defense counsel recently identified a separate high-speed law enforcement chase near the same location two days before the events involving defendant.  Doc. 23 at 3.  And so, defendant seeks to serve a subpoena on the Douglas County Sheriff's Office to secure records and objects related to that separate, high-speed pursuit.  *Id.* at 2–3.  The government has advised

that it does not oppose defendant's motion.  The court grants defendant's Motion to Produce Documents Pursuant to Rule 17 (Doc. 23) for the reasons explained, below.

I.      **Rule 17(c) Subpoena Standard**

The Tenth Circuit summarized the legal principles governing a request for a Rule 17(c) subpoena in *United States v. Abdush-Shakur*, 465 F.3d 458 (10th Cir. 2006).  Distilling the requirements established in *United States v. Nixon*, 418 U.S. 683, 699–700 (1974), our Circuit explained that a party seeking such a subpoena must establish that the subpoenaed material is "'relevant, admissible, and specific.'"  *Id.* at 467 (quoting *United States v. Gonzalez–Acosta*, 989 F.2d 384, 389 (10th Cir. 1993).  The court elaborates on each *Nixon* requirement and applies each requirement to defendant's motion, below, starting with specificity.

   A.      **Specificity**

Our court views the last *Nixon* requirement—limiting Rule 17(c) subpoenas to "specific" requests—as "the most difficult hurdle to overcome."  *United States v. Wittig*, 250 F.R.D. 548, 552 (D. Kan. 2008) (citing *United States v. Anderson*, 31 F. Supp. 2d 933, 944 (D. Kan. 1998)).  The Tenth Circuit has defined the contours of the specificity requirement this way:  "*Nixon* mandates that the party requesting the information identify the item sought and what the item contains, among other things."  *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002).  The Circuit has enforced compliance with this requirement stringently.  For example, in *Morris*, defendant sought a subpoena demanding pretrial production of "all records, documents, reports, telephone logs, etc., surrounding the investigation into the FBI undercover agent's shooting of [defendant] and the agent's entire personnel file."  *Id.*  The Court of Appeals affirmed the district court's decision quashing the subpoena because it wasn't sufficiently specific.  The Circuit emphasized "that requests for an entire file are evidence of an impermissible fishing expedition."  *Id.*  The Circuit called the "all" request described above an "attempt[] to use the Rule 17(c)

subpoena for impermissible discovery purposes." *Id.* And so, the Circuit held that the "subpoena did not overcome the hurdle of specificity as required by *Nixon*." *Id.*

At the opposite end of the specificity spectrum, courts have allowed narrower requests. In *United States v. Romero*, for instance, defendant requested "records about only one vehicle from only one day." No. 21-cr-00559-JCH, 2023 WL 2614472, at *3 (D.N.M. Mar. 23, 2023). The district court viewed this request as sufficiently specific because defendant had, "in other words, identified the item sought and what the item contains." *Id.* (quotation cleaned up). It thus ruled that the proposed subpoena complied with the Tenth Circuit's ruling in *Morris*, denying the government's motion to quash.

Here, defendant requests a subpoena seeking "[a]ll incident reports, investigative reports, arrest reports, body camera footage, dash camera footage, dispatch narratives, and dispatch audio recordings related to the vehicle pursuit on May 16, 2025, beginning in the area of East 700 Road and North 1800 Road in Douglas County and continuing East on Interstate 70." Doc. 23 at 2. His request thus includes the offending "all" language the Circuit found impermissible in *Morris*. 287 F.3d at 991. But, in *Morris*, defendant sought all records stemming from an entire investigation and an entire personnel file. *Id.* Here, Mr. Collins requests materials related to a singular vehicle pursuit on a specific day. Doc. 23 at 2. The court thus concludes this request aligns substantially with the sufficiently specific request approved by our court in *Romero*. It essentially also seeks "records about only one vehicle from only one day." *Romero*, 2023 WL 2614472, at *3. And so, defendant's motion clears the first—and most difficult—17(c) hurdle.

### B. Relevance & Admissibility

Aside from specificity, to "hold that the issuance of a subpoena is proper, the Court need only find a 'rational inference' of relevancy and a 'sufficient preliminary showing' of

3

admissibility." *Romero*, 2023 WL 2614472, at *2 (quoting *Nixon*, 418 U.S. at 700). On the "evidentiary and relevant" prong, commentators consistently emphasize that a "subpoena duces tecum is not a discovery device[.]" 25 *Moore's Federal Practice* § 617.08[2] (3d. ed. 2024). But though "Rule 17 is limited to the production of evidentiary materials, a party need not actually use those materials in evidence." *Id.* Instead, a "good faith effort" to secure "evidence is sufficient for a subpoena's demands to fall within the ambit of the Rule." *Id.* It is thus "axiomatic that the relevance criterion can be fulfilled if the documents sought would tend to prove a material issue of the prosecution or defense." *Id.* § 617.08[3][b] (citing, among others, decisions by district courts within Tenth Circuit). On the admissibility requirement, generally speaking, "impeachment evidence does not meet the admissibility test and may not be the sole support for a party's demand." *Id.*

Here, defendant's motion recites that the information the subpoena seeks "could provide evidence that the Glock 19 firearm recovered was discarded by an occupant of the vehicle involved in the May 16th police pursuit, rather than Mr. Collins on May 18th." Doc. 23 at 3–4. Because the charged conduct requires the government to prove defendant "knowingly possessed a firearm[,]" Doc. 1 at 1, the sought-after information could "tend to prove a material issue of the defense," 25 *Moore's Federal Practice* § 617.08[3][b]. And there's no indication that defendant intends to use the sought-after information as impeachment evidence. Nor are any other evident admissibility issues. This suffices as a "preliminary showing of admissibility." *Romero*, 2023 WL 2614472, at *2 (quotation cleaned up).

The court thus concludes that defendant's request satisfies all three *Nixon* requirements for issuance of a subpoena duces tecum under Rule 17(c).

    **C.**    **Payment**

Finally, defendant's motion also requests "payment of any costs and fees 'in the same manner as those paid for witnesses the government subpoenas.'" Doc. 23 at 4 (quoting Fed. R. Crim. P. 17(b)). And it recites that defendant "is unable to pay the costs and fees associated with a subpoena." *Id.* at 5. The court's review of defendant's financial affidavit on the docket confirms this assertion. *See* Doc. 5. So, the court finds that the accused is financially unable to pay the costs and fees associated with the subpoena.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Keeno D. Collins's Motion to Produce Documents Pursuant to Rule 17 (Doc. 23) is granted.

**IT IS FURTHER ORDERED THAT** the clerk shall issue the subpoena detailed below. The United States shall pay the costs and fees associated with the subpoena. The United States Marshal for the District of Kansas (or a duly appointed deputy) is ordered to serve the subpoena or arrange for service, at the defense's request, and authorized to disburse the necessary funds to pay the costs and fees associated with the subpoena.

Name of person or entity to be subpoenaed:

Douglas County Sheriff's Office
Records Department
111 East 11th Street
Lawrence, KS 66044

Documents and objects to be produced:

All incident reports, investigative reports, arrest reports, body camera footage, dash camera footage, dispatch narratives, and dispatch audio recordings related to the vehicle pursuit on May 16, 2025, beginning in the area of East 700 Road and North 1800 Road in Douglas County and continuing East on Interstate 70.

Deadline and place for production:

On or before 1/15/26, to the Federal Public Defender's Office, 201 U.S. Courthouse, 500 State Avenue, Kansas City, Kansas, 66101.

**IT IS SO ORDERED.**

**Dated this 9th day of January, 2026, at Kansas City, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**