## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                      **Plaintiff**,

v.                                    **Case No. 25-20065-01-DDC**

KEENO D. COLLINS (01),

                      **Defendant**.

## MEMORANDUM AND ORDER

Four in limine motions are pending in this case—one filed by the government and three filed by defendant Keeno D. Collins.  Doc. 15; Doc. 20; Doc. 21; Doc. 22.  On January 14, 2026, the court conducted a motions hearing.  This Order memorializes the court's rulings announced at that hearing, and decides issues deferred during the hearing.

### I.    Doc. 15

The government's Motion in Limine (Doc. 15) sought to admit witness testimony and exhibits about events occurring three days before the conduct charged in the Indictment (Doc 1). Doc. 15 at 7.  At the hearing, the court declined to provide an absolute ruling on this motion because the parties' papers merely forecast the factual and evidentiary setting that the parties predict will unfold at trial.  Nonetheless, the court concluded that—if the actual evidence matches the forecast—then the court views the evidence as intrinsic and, thus, not subject to Federal Rule of Evidence 404(b).  Even if evidence is intrinsic, though, the court still may exclude it as unfairly prejudicial under Rule 403.  *United States v. Irving*, 665 F.3d 1184, 1213

(10th Cir. 2011). And defendant's papers argued for this Rule 403 exclusion. *See* Doc. 28 at 7–8. The court didn't decide this issue at the hearing. And the court necessarily defers this question because Rule 403 requires weighing the evidence's probative value against the danger of unfair prejudice—and it's hard to measure the probative part of the test in advance of trial. The government's Motion in Limine (Doc. 15) thus remains pending.

The court also supplemented its provisional ruling. It announced that—if the court ultimately admits the evidence of events three days before the charged conduct as intrinsic—Mr. Collins is entitled to a limiting instruction. The court explained that it would provide such an instruction both when the government presents the evidence and, also, in its final instructions to the jury. The court acknowledged the limiting-instruction decision rests with Mr. Collins and his attorneys. But it warned Mr. Collins that, if he wants a limiting instruction, defense counsel must draft that instruction and vet it with the government in advance to avoid any trial delays.

## II.     Doc. 20

In his first Motion in Limine (Doc. 20), Mr. Collins sought to exclude five categories of evidence as "irrelevant and unfairly prejudicial." Doc. 20 at 1. Those categories include:

(1) Mr. Collins's prior convictions.

(2) Presence of Mr. Collins's children inside the car whose tire he allegedly shot on May 18, 2025.

(3) History of domestic violence issues between Mr. Collins and Kourtney Pierre.

(4) Law enforcement's descriptions of Mr. Collins as "willing to fight," liable to "commit suicide," having a "propensity for violence," having a "long felonious history," and similar descriptions.

(5) Officer's positions on the FBI's "career criminal" task force.

2

*Id.*  In its response brief, the government consented to excluding three of those categories—(1), (3), and (4).  Doc. 32 at 1–4.  And, on category (5), the government agreed that it would elicit testimony from its case agent—if he testifies—merely that he's a member of an FBI task force. In other words, the government won't adduce evidence that the officer's a member of the "career criminal" task force.  *Id.* at 4–5.  At the hearing, defense counsel represented that the government's task-force approach satisfied Mr. Collins's category (5) exclusion request.  Thus, only category (2) remained contested.  It asks the court to exclude evidence of the presence of Mr. Collins's children inside the car.

At the hearing, the court granted Mr. Collins's category (2) exclusion request.  The court ruled that the government is entitled to prove that Mr. Collins's children were living at the apartment complex where the May 18, 2025, incident took place.  And it is entitled to prove that Mr. Collins frequented that apartment complex.  But the children's presence inside the car when Mr. Collins allegedly shot the tire doesn't have "any tendency to make a fact" of consequence "more or less probable than it would be without [this] evidence."  Fed. R. Evid. 401.  And even the evidence had some limited relevance, its prejudicial effect likely outweighs its probative value.  Fed. R. Evid. 403.  The court thus granted Mr. Collins's first Motion in Limine (Doc. 20).

At the hearing, defense counsel also described a photograph of two car seats in the back of the vehicle involved in the May 18, 2025 incident and sought to exclude that photograph as irrelevant and unduly prejudicial, as well.  The question of excluding the car seat photograph is underdeveloped.  With its putative relevance unclear, it's difficult to conduct a Rule 403 analysis.  So, the court directs the government—before it introduces or makes any reference to the photo at trial—to raise its admissibility with the court, outside the presence of the jury.

### III.    Doc. 21

Mr. Collins premises his second Motion in Limine (Doc. 21) on the government's alleged failure to timely comply with its discovery obligations under Fed. R. Crim. P. 16 and the court's case management order.  Doc. 21.  The court granted Mr. Collins a continuance at the hearing, providing Mr. Collins with more time to prepare for trial once he receives the requested materials from the government.  In light of the continuance, the court denied Doc. 21 as moot, without prejudice to Mr. Collins raising the issue again should discovery difficulties persist.

The court also set a discovery deadline for the government:  January 16, 2026.  By that date, the government must provide any materials the KBI possesses about how the government's toolmark expert—Ms. Cori L. Tate—reached her conclusions, including any photos, reports, or notes related to her analysis or to the peer review of that analysis.  The government needn't prepare any additional materials, however, that don't exist already.

### IV.    Doc. 22

Mr. Collins's final Motion in Limine (Doc. 22) requested four rulings concerning the government's expert witness—Ms. Tate.  Mr. Collins asked the court:  (1) to circumscribe Ms. Tate's testimony; (2) to refuse to certify any witness as an expert in front of the jury; (3) to preclude any expert witness from commenting on the credibility of another witness; and (4) to prohibit any expert from testifying that their work was reviewed and approved by a peer unless that peer is called as a witness.  Doc. 22 at 1.  The government's response brief indicated that it agreed with requests (2) and (3).  Doc. 27 at 1.  And the court thus granted those requests.

On request (1)—circumscribing Ms. Tate's testimony—the court granted in part and denied in part Mr. Collins's request.  Mr. Collins asked the court to adopt the limitations imposed on a toolmark expert's testimony by the district court in *United States v. Briscoe*, 703 F.

Supp. 3d 1288 (D.N.M. 2023).  Doc. 22 at 3.  Referencing United States District Court Judge Julie A. Robinson's recent opinion, the court instead adopted the Department of Justice's Uniform Language for Testimony and Reports for the Forensic Firearms/Toolmarks Discipline Pattern Examination.  *See United States v. Richardson*, No. 19-20076-JAR, 2024 WL 961228, at *11 (D. Kan. Mar. 6, 2024) ("This Court will follow the strictures in the Department of Justice guidelines, finding that the language it authorizes and the language it precludes is reasonable, given the state of the discipline of firearm toolmark examination.").  The government thus must circumscribe Ms. Tate's testimony to conform with the Department of Justice guidelines.

Finally, on request (4), the court again granted in part and denied in part Mr. Collins's request.  It ruled that the government may ask Ms. Tate about the KBI's general practice of peer review in training and qualifying toolmark experts.  The government, however, may not elicit testimony from Ms. Tate that she followed the standard procedures in producing her expert reports here if it has elicited testimony from her that those procedures include peer review.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff United States of America's Motion in Limine (Doc. 15) remains pending.

**IT IS FURTHER ORDERED THAT** defendant Keeno D. Collins's Motion in Limine of Irrelevant and Unfairly Prejudicial Evidence (Doc. 20) is granted.

**IT IS FURTHER ORDERED THAT** defendant Keeno D. Collins's Motion in Limine Regarding Undisclosed Discovery (Doc. 21) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendant Keeno D. Collins's Motion in Limine re: Expert Testimony (Doc. 22) is granted in part and denied in part, as explained in this Order.

**IT IS SO ORDERED.**

**Dated this 20th day of January, 2026, at Kansas City, Kansas.**

                                                    **s/ Daniel D. Crabtree**
                                                    **Daniel D. Crabtree**
                                                    **United States District Judge**